Morning is 418-0635. Is it Dave or Dave? Dave, your honor. Dave v. Schmitz. For the appellant, Mr. Niemann. Yes, your honor. And for the appellee, Ms. Wunder. Mr. Niemann. Thank you. Good morning. May I please report to counsel? My name is Nate Niemann. I represent Amish Gavi in connection with his appeal from a denial of a petition for mandamus that was filed in the trial court. We're asking for the court to reverse the trial court's order discussing the mandamus petition, clear right mandamus. As the court knows, there's three things that have to be shown in order to show clear right mandamus. The first is affirmative right to release. The second is the defendant's duty to act. And the third is the defendant's authority to comply with the order. With respect to the first requirement, as a threshold matter, the trial court's original 2006, excuse me, order certifying Mr. Gavi, Mr. Dave as a sex offender as opposed to a sexual predator is valid even though it's contrary to SORA. The order is voidable as opposed to void and the court still had jurisdiction to enter it. So after Castleberry, the Illinois Supreme Court made clear that orders are not void unless the court lacks personal or subject matter jurisdiction to enter the order. The appellate court has made clear that an order that does not comply with law is still valid. The court still has personal and subject matter jurisdiction to basically enter an erroneous order. And I think the line from my brief that I quoted from the appellate court is that the court has the power to make incorrect rulings as much as it has the power to make correct rulings. And so I think that the trial court's comments on that 2006 order in this case in the mandamus action reflect that when it states that Mr. Dave doesn't have to report because as indicated the 10-year period was only for reporting but the name stays on the roll. So interestingly enough, this order has actually come before this court before in a completely unrelated collateral attack on his conviction. And this court has held in no uncertain terms that the 2006 order was not void and specifically it relied on Castleberry and self-finding. So that is, it shouldn't be, the law of the case going forward assuming that that 2006 sex offender registration order is not void and therefore enforceable. Okay, so even though wrong, yes, he's not required to report after 10 years, right? He is not required to report after 10 years. Okay, and he's not reporting after 10? Well, currently he is reporting because his mandamus petition was not granted. So if the mandamus petition was granted and his name was... But I thought the complaint was that his name is still on the rolls, not that he's still reporting. I'm sorry, you're not hearing anything? I thought the complaint was that his name is still on the rolls, not that he's still reporting. That's correct. And my understanding is that as long as his name is still on the roll, he still has to report. Because if he doesn't report, then he could be charged with class 4 felony for failing to report. That's your argument then? I was interpreting your argument that there was no reporting, it's just that his name was still on the roll. But you're saying your argument is today, I feel that he still must report and you're asking us to issue an order saying reporting is no longer required? No, that is not my argument, Your Honor. Okay, well then I'm confused, so start me up again, will you? If you allow me to clarify, thank you. Our argument is that his name should be removed from the roll because... Okay, well let me stop you there. So that's not reporting, you're asking us to order that his name be removed, to order the state police to remove the name? Yes, that's correct. Okay, but there's no longer any reporting requirement? I don't believe so, according to the trial court's reading of the 2006 order. So that would actually be consistent with the statute, 730 ILCS 150-7, which states that liability correction remains after 10 years. And again, the trial court's comments support that. But you said he was still reporting. He is, out of an abundance of caution, and that's not part of the record. I'm just telling the court that in response to his question, but he's reporting now as out of an abundance of caution because the trial court did not grant the mandamus action compelling ISP to remove his name from the roll. You didn't ask in your mandamus that he'd be no longer required to report. You asked that his name be taken out of the registry. That's correct. Okay, sounds to me like you're arguing two different things. I mean, you know, I don't know that much, but it just seems like, one, you're arguing now today that he shouldn't have to report. Well, you know, Grieve doesn't have to report. The wrong order says so. Now you're saying, well, now he's reporting on his own, so you've got to take his name off the registry so he doesn't have to report on his own. Well, your honor, to make clear, the reason that we're here is that, and the reason that their mandamus petition was filed, was to that it doesn't have anything to do with what he's doing now. That wasn't part of the record, and I don't think that that's really relevant or bears upon the issues that that is reported towards them. So basically, the state asserts in its brief that it still has the right to go in and ask for the court's order, trial court's order, to be corrected, to reflect his status as a sexual predator, not a sex offender. You disagree with that? I don't disagree that it has the right to try to do that. Well, if that is still a potential issue, how does that then as a potential outcome here, it would be in direct conflict with what you're asking this court to do? Well, just because the state has the right to file that doesn't mean by any stretch that it's going to be granted. And just because the state essentially has the same rights to come into court and ask the court for something doesn't mean that the 2006 order is not enforceable. If the state believes that the 2006 order is void as non-conforming to SORA, and it wishes to file a petition for mandamus with the Illinois Supreme Court, then that's its prerogative. But that doesn't make the 2006 order any less enforceable. Under that rationale, any court order would have a sort of dubious effect just because some party could potentially come in and try to challenge it. So we shouldn't take into account your acknowledgement that the state would have the right to seek for correction of the order in the trial court in determining whether or not your client has a clear right to mandamus relief. Is that correct? That's correct, Your Honor. I just recently had a case where there was a commitment order, that civil commitment order, that was incorrectly entered in the trial court. The judge corrected that, and then we appealed that. And the third district public court, after the state confessed error, determined that the trial court was without jurisdiction to Illinois Supreme Court trying to challenge and correct this incorrect order, and it was denied. And so just because the state has the opportunity to come in and do that, that doesn't mean that Illinois Supreme Court is going to grant it. And just because a defendant has the ability to file a post-conviction condition or a 2-1401 petition, that doesn't mean that it's going to be granted. That doesn't mean that his sentencing judgment is somehow questionable, just because he has the right to come in and challenge it. But here, everybody's in agreement that the trial court's order was in error, correct? You've acknowledged it in your brief. Yes. So you've acknowledged it was error. You've acknowledged the state has the right to go back in the court to obtain a corrected motion. I don't see those two situations as analogous, what you're describing in this particular case. Going back to the trial court's order, to be clear, the trial court's error was in relation to a sexual predator, correct? Correct. The trial court did not indicate in an order that your client was only to report for a period of 10 years, and then after which his name was to be removed from the registry. Is that right? That's correct. If the trial court had indicated in an order to remove him from the registry, then you would have more of, I would say, a firm basis here for mandamus relief, because the trial court would have clearly spelled out what relief your client was entitled to here. But you're saying because of the operation of SORA and what effect the trial that he is entitled to have his name removed. Is that correct? Yes. Okay. So you have state police following SORA, but also being presented with the trial court's order saying that defendant is, or your client is a sex offender, and then it's having to determine what its course of action should be. Is that right? In terms of whether or not that individual must continue to report. Is that right? Well, I think that the way that the court's framing the question here is framing it as a situation in which ISP is trying to make a decision as to whether it must follow the trial court's order or whether it must follow the statute. I'm distinguishing right now between ISP determining whether or not your client must continue to report as opposed to whether or not it must maintain his name in the registry. According to SORA, the requirement relates to reporting, not the maintenance of the name or the elimination of your client's name from the registry. So ISP is just simply trying to determine according to SORA whether or not there's a continuing duty to report. Is that right? Because SORA is silent as to whether or not it must delete or expunge names from the registry under these circumstances. Is that right? That's correct. Okay. Again, how is that a request for relief subject to mandamus? How does that establish ISP's duty to act when the statute itself doesn't set forth an obligation on the part of ISP to remove names from the registry? Your Honor, that's a good question. That goes to the second prong of mandamus, which is whether ISP has a duty to act. And our position is that the maintenance duty that's outlined in the statute requires the ISP to remove the names of individuals who no longer have to report. That's your interpretation. Well, it's not my interpretation. There is Illinois Supreme Court law that says that they're supposed to remove the names of registered sex offenders once their time for reporting is over. No. There's Illinois Supreme Court law that defines maintenance as keeping something in a state of repair or efficiency. And what you're doing is under the umbrella of the mandamus, you're telling a governmental entity that they have to interpret something within their statute by maybe looking at some other unrelated case and thereby define a duty that they don't have currently. But because you think they do, that now creates a duty which we are supposed to enforce through mandamus. Don't you think the mandamus requires something a little bit more clear in the nature of the duty? Your Honor, as part of the maintenance function of ISP, they have to remove names that for individuals that no longer are required to register. Take, for instance, individuals who have died. They're not going to keep them on the registry anymore because it serves no public purpose. And that's by statute or by policy? That's within their maintenance function. I mean, I don't think that every... Is that by statute or by policy? Well, our argument would be that it would be by statute because of the language of maintain. So there's that specific language in the statute? There is no specific language in the statute that indicates that they have... So it's neither by statute nor by policy? Well, Your Honor, respectfully... It's your argument. There's no language that's in the statute. The answer to that question would be, yes, it is, Judge, or no, it's not. Our answer is that it's by statute, under the maintain language that's in the statute. By your interpretation of maintain? By the Illinois Supreme Court's definition of maintain. So there's an Illinois Supreme Court case that says that they're removed the names of registered sex offenders once their term of reporting is over? No, there's not. But there is an Illinois Supreme Court case that does define maintain. While maintain is not defined within the statute, there is case law interpreting the meaning of that word. But you're wanting mandamus. This is the thing. This is my point, really. The nature of mandamus is such that you're telling a governmental body that they are required to do something, that there's a very clear basis for which they're required to do so. But instead, what you're telling them is, well, because this word means this over here, and because there's a statute that talks about what maintenance is, you guys are supposed to interpret this to mean what I want it to mean so I can get relief. And I'm just kind of wondering, I don't think that's what mandamus is about. Otherwise, it would be whatever the interpretation of the petitioner is. Well, this isn't a situation, Your Honor, where the ISP is having to think about what it needs to do. Just do what you want. Well, the individual who's on the sex offender registry no longer has to register. So why is he on the registry? That's the question. And why not? Because he's not deemed a sexual predator. No, he's not. No, that's not true. He's still either a sex offender or a sexual predator. He's just not required to report. Well, the trial court's 2006 order actually indicates that he's a sex offender, as opposed to a sexual predator. So, and that's essentially the state's argument. So he doesn't have to report. Well, what's that got to do with the registry? Or what's that got to do with his name being on the registry? Because there's no reason to have somebody on the registry. What's your opinion? Maybe the agency thinks there is. Well, there's actually a case law that's discussing what the public purpose of the registry is. And if keeping individuals on the registry who are no longer required to register, that's against the public purpose of the statute. And if ISP keeping that name on the registry in contravention of public purpose, then that is arbitrary decreases, which violates his right to due process, which creates... That's a different lawsuit. That's a different lawsuit. You assume a number of mandates. I see that my time is up. Thank you. Sorry, I was down too far. Let me see. My fault. Sorry. Ms. Funger. Before you begin, can I throw you completely off track and give you a hypothetical? The hypothetical would be where the individual in Mr. Dave's position was convicted of an offense for which he would accurately be identified as a sex offender, not a sexual predator. He then was required to report as a sex offender, completed that period of time, what happens after that? Is there to be a removal of the individual's name from the registry? Have there been mandamus actions in that circumstance? What I'm doing is I'm trying to eliminate this confusion of the trial court's conflicting order as to sex offender versus sexual predator. And I just want to understand, does ISP maintain the offender's names in the registry beyond the 10 years? In your hypothetical, everything is correct under the law that he was an offender with 10 years under the law. Correct. That's what the ISP is looking to, is the offense and the legal consequences of the offense after the 10 years. They do endeavor to remove people. Typically, that would be brought to their attention by the person, hey, take it off. And then they would look to see, is this consistent with the law? So there is an effort made to remove the names under those circumstances? When that would be consistent with the law, yes. Okay. Well, just to be a little more specific, what do you mean by effort? Is that a rule? Is that a policy consideration that's not reduced to a rule? Or what? There is a rule that notification requirements end when the notification requirements expire when that individual is no longer required to register. And that regulation is directed to require to register under the law. And that's an affirmative act by ISP. What about simply the continued existence of the individual's name on the registry? We're talking about the act of expungement. So is there a rule along the lines of what Justice Turner is talking about that contemplates ISP removing those names? Well, they do maintain the database. So someone would have to go and remove the name from the database. And that's my question to you. Is that done for those individuals that have been identified accurately as sex offenders? They have then reported through the period of 10 years. 10 years has expired. Now ISP, what do they do with those names? Yes, this is something they try to do. Okay. That's back to my question. If you said endeavor before, now you're saying they try to do. Yes, yes. By policy? Yes, by policy of maintaining the database and consistent with their regulation that says that the notification requirements, which is the registry, the notification requirements expire when that individual is no longer required to register under the law. I'd like to talk about this being some of the concepts that have come out. This is a mandamus section. And that concept was explored in the Avalanche argument. And that's very important here because the mandamus principles are an important consideration. The other thing that I think is important to keep in mind is that this idea of reporting the registration requirement that is different from is someone's name and information maintained under the rules. I think it's useful to think of those as two separate concepts. And when we get back to this is a mandamus section, all the mandamus elements have to break down at every part of an analysis. There's a hurdle that the plaintiff can't overcome. One premise here that the plaintiff has is that the 2006 registration order, which everyone agrees is wrong, terminated the registration obligation after 10 years. And then from there, once you get to, and so taking off the rules. I think you can't get past the first part. We don't agree that that order terminated the registration obligation after 10 years. I think even if it did, we don't get to the mandamus to take off the rules. So why didn't the state pursue something? I mean, the record shows there's letters from the attorneys saying, hey, his name, you know, this is what the order said. Well, this isn't an action against the ISP. What they do is keep the records. But if you know, why didn't the state pursue something to get the order correct? That would be something that would be up to the state's attorney. But here, let's look at, if you look at the order and you assume for purposes of argument that that is a valid order. I don't believe that it gets the plaintiff where he wants to be. I don't believe that it does terminate his registration obligation after 10 years. And what's very important there is this concept of a collateral consequence. A collateral consequence is something that's not adjudicated and that the court doesn't order as such. That's clear from Illinois Supreme Court decisions on this. So there is a statutory obligation that arose by operation of law.  So I would say that the most sensible synthesis here is that if we can assume the order is actually ordering this 10-year registration of time, then the statute, you know, essentially picks up where the order left off. The order and the statute can both be given effect. There's nothing in the order that says, and I'm absolving the plaintiff from anything that the law might say. So I think that initial premise is problematic, that the registration requirement terminated – excuse me, that the order, the 2006 order, terminated the registration requirement in the first place. I don't believe that this court has addressed that order. The plaintiff mentioned this court's unpublished order in his post-conviction – excuse me, in his relief for judgment petition. And I think what the court is doing there, if we take a look at it, the court is saying that the sentencing order is not void. The court isn't addressing this particular order about the registration. Actually, I think it may be possible that the registration order is actually void. I understand that there's Casselberry that did away with the void sentencing order rule. But this is a little different, because here you have something that is a collateral consequence, so that it's not something that a court adjudicates. This court has jurisdiction over anything that is justiciable. And I think we might be at issue. Is this really something justiciable? But we don't need to go there. We can assume for purposes of argument that the order is valid. I would still say that the first hurdle, it doesn't get the plaintiff where he needs to be, because the order does not operate to terminate his registration obligation for two years. But then, let's move down the road in the analysis. Let's assume that it does. Then what? Then, he still doesn't meet the mandamus hurdles, because he still does not have a clear right to have his name removed from the registry. That's why it's important that this is a mandamus action. And what are the requirements there? It was explored in the opening, one of the reasons being that the order being subject to correction does relate to whether there is a clear right or a clear duty. Because mandamus is something, when you're directing an agency to act, it's because something very firmly and concretely says, something very firmly and concretely requires that precise action. So that's one of the reasons. And when the plaintiff addresses, where is this duty to take his name off the rolls? Where does that come from? He has said, well, there is a statutory obligation to maintain the registry. And that's correct. But that obligation is too generalized and nonspecific to any case to require. For mandamus, it has to be something that's very precisely and directly required, to require the director to remove a name from the rolls based on a very general duty to maintain something, to keep something in order. And I think that's particularly the case here, because the court doesn't have to determine what it would be directing the state agency to do. It's something that is contrary to statute. So in that sense, it's almost like the opposite of a mandamus action, where a mandamus action is to have an agency, generally, to have an agency comply with something that's very clearly specified in a statute. And this is asking the Illinois State Police to take an action that is contrary to statute. So what would create the source of the duty? The plaintiff hasn't pointed to anything that those general maintenance obligations in the statute don't get them there. To accept the statute doesn't have anything to say about this. What the statute says is that the person needs to register for life. The order doesn't say anything. It doesn't have any directions to ISP. ISP wasn't a party. It doesn't tell the ISP to do anything. So the order doesn't get you to have your name off the list. So that's the next hurdle that can't be overcome in a mandamus action. Well, then you would disagree with counsel's argument that the statute requires the ISP to maintain the database. And maintaining the database means removing names from the database after the 10-year period has expired. Or after their period that requires them to continue reporting has expired, right? I would disagree that there's anything in the statute or regulations that says take this person's name off when that is not what the law requires. Maintain does not mean remove the names. Because that's what he argued. You're saying you disagree, I guess. I think maintaining is an obligation that necessarily requires judgment. And if a person were not required to register under the law, part of maintaining the database exercising that judgment would be to remove the name. But when the statute that they are enforcing directs that that person is required to register for life, then maintaining the database, no, that obligation is not transformed into taking someone's name off the rolls contrary to what the law would require. If a person was only obligated to register for 10 years and the 10 years expired, and that person's name was not removed from the database list, and a mandamus was filed, like in this case, would we be here today or would you concede that the name should have been removed since the state police endeavor to remove names? I don't know that I would concede that that could be the subject of a mandamus action. But I would say that if there was no, because I still think that that involves judgment and looking over what should happen in a particular case. But as a practical matter, yes, if there was no legal requirement that the person today would be there, the ISP would, upon learning that they were there, remove the name. So in this case, when counsel was obtained and counsel contacted the state police and said, hey, remove the name, this is before any action was filed, the state police, in your view, would have removed the name. That's what I'm getting at. And I think that- No, they would not have done that here. Not here, but if he was only required- If they were entitled to, yes. OK, thanks. I'm clear on it now. I'm sorry if I created- No, it's me, not you. You're saying, regardless of what they might or might not do policy-wise, maintenance by itself is too broad of a term to qualify for mandamus scrutiny because it involves discretionary- You put that better than I did. It's discretionary versus ministerial. And so I think that some of this does come down to a policy argument where, like you were saying, well, if I don't have any duty to register, and we dispute that perhaps, but except this is true, if I don't have any duty to register, well, then I'm going to do it. And there's really no point to keeping my name on the roll because this information might become outdated. That's a policy argument, which can't be the basis for mandamus in the first place. But even apart from that, it's definitely a policy argument. There are also strong policy considerations on the other side. The other side of the argument is, in that view, that the public doesn't have any notification or information about an offender whose offense the legislature deemed serious enough to warrant classification as a sexual predator with a lifetime registration requirement. So there's strong policy considerations on the other side. But backing up a little bit, that's not a mandamus action. A mandamus action is something we're clearly and precisely telling the state agency that you must do this particular thing, which is missing here. And that particular thing needs to be clear and specific from either some statute or some other directive that you must have. Very much so. And we do believe that that's missing here. Apart from all of that, all of those things have been cleared. And I don't think the court has to ignore, as I've said, that the plaintiff is actually asking the court to order the agency to do something that would be contrary to statute, which is not an appropriate use of the mandamus. With that, I will conclude and ask that the court affirm the trial court's dismissal discussion with the brief, unless there are any further questions. I see no other questions. Thank you, Ms. Wonder. Mr. Niemann. Thank you. I want to address the issue of duty, because it seems like the way that we're kind of framing this is it's coming down to whether ISP had a duty in order to establish that mandamus was proper. And I think that drilling down further, it seems to come down to whether the mandamus language imposes a duty on ISP to remove names from individuals that are no longer required to register. Well, even more than that, it'd be a discretionary versus ministerial duty, wouldn't it? Well, I don't agree that removing names from the registry is discretionary, especially when there is a court order on point saying that they don't need to register. It doesn't say it needs to be removed. In fact, it's just some parathetical tenure. It's a printed form from the circuit clerk's office or from somewhere in that circuit court. It's not a statute. It's not a regulation. I understand. But, Your Honor, most of our judgments in criminal cases in state courts across the entire state are printed forms from the circuit clerk's office. In this instance, it happens to be wrong, because ISP follows the statute under which he was convicted. And the statute says he's a sexual predator and he's required to register for life, right? The form itself is not wrong. The box that was checked by the court is wrong. So I think that it does bear some examination as to whether its maintenance duty. I think that the state would agree that ISP has a duty to maintain the database. And the state conceded while they were up here that part of that duty is removing names when somebody has brought to their attention that their name is in their walkie-talkie. So I think that it's been established that they have a duty to maintain the database. I don't know if the state conceded it was a duty. I think the state conceded it was an endeavor. That's what I ended up getting out of that whole exchange. Well, I think that whether something is ministerial or not comes down to whether that state body has to exercise some form of discretion in order to carry that task out. A ministerial duty would be something that's basically sort of rubber-stamping something as it comes through. And there isn't any thought put into why it's being done. It's just something that that body has to do. And our argument is that that is what that term means in that statute. If removing names of individuals that are no longer required to register doesn't include or I'm sorry if maintenance doesn't include removing individuals who are no longer required to register, then what does it mean? Name change, address change, means any other things that might need to be changed with regard to that individual. In today's society of sex change, who knows what kind of changes there could be that they have to make that don't include removal. Including a change in status as to whether... That's just one of a number. That's one of a number. And that gets me back to the point of you're saying maintenance says you have to remove names. No, maintenance says you have to maintain. And now we get into the discretion of determining what exactly constitutes maintenance and what type of maintenance is necessary in any particular case. Which to me is why I don't see you having a mandate. Well, I appreciate and respect your viewpoint on that, but I do think that the maintenance requirement requires the ISP to make sure that the database is active. And that means making sure that the addresses, the names, the sexes, the online profiles, and the status of the individual. That should be a threshold required. So making sure that the individual that is on that database should be there. So we would ask the court to respectfully reverse the crowd court's order denying that. Thank you, Mr. Niemann. Thank you, counsel. We'll take this matter under advisement and recess briefly.